# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DANNY HUGHES,**
        **Plaintiff,**

   v.                                                                 **Case No. 16-C-0729**

**UNITED STATES TRUSTEE'S OFFICE,**
**PAULA BRUNNER, and**
**JAMES MILLER,**
        **Defendants.**

---

## DECISION AND ORDER

On May 16, 2016, Danny Hughes, proceeding pro se, filed a complaint in Milwaukee County Circuit Court against Paula Brunner and James Miller, two attorneys who represented him in bankruptcy proceedings in the Eastern District of Wisconsin. The complaint purports to state claims for breach of contract and legal malpractice against Brunner and Miller. The caption of this complaint also identifies the U.S. Trustee's Office as a defendant. However, the body of the complaint contains no allegations against the Trustee's Office, and it is impossible to discern the nature of the claim the plaintiff believes he has against the Trustee's Office.

On the same day that he filed the complaint, the plaintiff also filed a motion for a temporary injunction. The motion requests an injunction "to stop the signing of the deed for the Germantown land" at a certain address. *See* ECF No. 1-3. The motion does not identify the party sought to be enjoined, but presumably that party would be the U.S. Trustee assigned to the plaintiff's bankruptcy case in the Eastern District of Wisconsin. In that case, a bankruptcy judge granted the Trustee's motion to sell the Germantown land that is the subject of the plaintiff's state-court motion. *See* E.D. Wis. Bankr. Case

No. 15-23793, ECF No. 270. According to the records of the bankruptcy court, the property was sold on June 1, 2016. *See* ECF No. 339 in the Bankruptcy Case. Thus, the plaintiff's motion would appear to be moot, as it is too late to stop the sale of the property or the transfer of title.

On June 15, 2016, the Trustee's Office filed a notice of removal of the state-court case to this court. The case was properly removed under the federal-officer removal statute, 28 U.S.C. § 1442. On June 29, 2016, the Trustee's Office filed a motion to dismiss the plaintiff's claims against it. The Trustee's Office asserted several bases for dismissing the claims against it. One asserted basis is that, by virtue of the doctrine of "derivative jurisdiction," this court lacks subject matter jurisdiction over any claim against the Trustee's Office. Under this doctrine, even when a case is properly removed to federal court under § 1442, the district court will lack jurisdiction to hear the case if the state court from which the case was removed lacked jurisdiction. *See, e.g., Rodas v. Seidlin*, 656 F.3d 610, 615 (7th Cir. 2011).

The Trustee's Office argues that the Milwaukee County Circuit Court had no jurisdiction to hear the plaintiff's claim against it because the plaintiff can point to no waiver of the United States's sovereign immunity that applies to the plaintiff's claim and that would allow the suit to proceed in a state court. The plaintiff has not meaningfully responded to this argument. Moreover, the plaintiff has not alleged any cognizable claim against the Trustee's Office at all, much less a claim that would fall within a waiver of sovereign immunity that would authorize a suit against the Trustee's Office in state court. Thus, I conclude that the Wisconsin state court did not have jurisdiction to entertain the plaintiff's claim against the Trustee's Office. *See United States v.*

*Sherwood*, 312 U.S. 584, 586–87 (1941) ("The United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."). It follows that, under the doctrine of derivative jurisdiction, this court also lacks jurisdiction to entertain the claim. *Minnesota v. United States*, 305 U.S. 382, 388–89 (1939). I will therefore dismiss the U.S. Trustee's Office from this case for lack of subject matter jurisdiction. I will also deny the motion for a temporary injunction, which is directed at the Trustee's Office.

The remainder of this case comprises the plaintiff's claims for breach of contract and legal malpractice against his bankruptcy attorneys, Brunner and Miller. Those attorneys have moved to dismiss the claims against them for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). However, because these are state-law claims and the parties are not completely diverse (both the plaintiff and defendant Miller are from Wisconsin), I do not have an independent basis for exercising subject matter jurisdiction over those claims. *See* 28 U.S.C. §§ 1331 & 1332. Moreover, because I did not have original jurisdiction over the claim against the Trustee's Office, I cannot exercise supplemental jurisdiction over the claims against Brunner and Miller. 28 U.S.C. § 1367(a). Therefore, I cannot address Brunner and Miller's motion to dismiss for failure to state a claim. Instead, I must remand the case to the state court for further proceedings with respect to Miller and Brunner. Again, however, the Trustee's Office is dismissed from this case, and therefore any proceedings that occur in state court will not involve the Trustee's Office.

Accordingly, **IT IS ORDERED** that the U.S. Trustee's Office's motion to dismiss for lack of subject matter jurisdiction is **GRANTED**. The plaintiff's claim against the Trustee's Office is dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the plaintiff's motion for a temporary injunction is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's claims against Brunner and Miller are **REMANDED** to state court for further proceedings.

Dated at Milwaukee, Wisconsin, this 25th day of January, 2017.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge